UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DELANO A. MIDDLETON,       )
                           )
   Plaintiff,              )
                           )
v.                         )          CV423-206
                           )
CITY OF SAVANNAH           )
POLICE DEPARTMENT, *et al.*, )
                           )
   Defendants.             )

## ORDER

*Pro se* plaintiff Delano A. Middleton has filed the instant Complaint alleging that his constitutional rights were violated during his arrest, and ongoing prosecution, for his role in an altercation at a Savannah, Georgia U-Haul location. *See* doc. 1 at 18-22. The Court granted him leave to proceed *in forma pauperis*, doc. 3, and he returned the required forms, docs. 4 & 5. The Court, therefore, proceeds to screen his Complaint. *See, e.g.,* 28 U.S.C. § 1915A.

Because the Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), allegations in the Complaint are taken as true and construed in the light most favorable to

1

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). As Middleton is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Although, as discussed below, the structure of Middleton's Complaint makes it impossible to fully evaluate his claims, the general factual allegations are relatively clear. He alleges that, on October 22, 2021, he was engaged in an altercation with several employees of a U-Haul rental location in Savannah, Georgia. *See* doc. 1 at 18. He alleges that he went to the location looking for a truck he had previously rented that was "taken or repossessed" from his residence. *Id*. When he could not locate the missing truck, he was told by an employee, identified only as "Charlie," to take another truck. *Id*. Before he could take the substitute truck, he was struck by a female U-Haul employee, identified as Erica Young. *Id*. at 19. Another male employee, identified as Christopher Patterson, appeared to Plaintiff to reach for a gun. *Id*. Plaintiff ran towards Patterson with Young chasing him. *Id*. He tried to

impede Young by pushing "a cleaning cart over," but she pursued. *Id.* He then, "used a small pocket knife to demobilize [sic] her," cutting or stabbing himself in the process. *Id.* When Plaintiff observed that Patterson had retrieved his gun, he "jumped in a truck in the return lane that had the key in the truck . . . and left Uhaul [sic] property for safety." *Id.* at 20.

Some unspecified time later, Middleton "was detained" at a second location. Doc. 1 at 20. He was taken to a police station and "questioned, interviewed, and investigated." *Id.* He was arrested on October 22, 2021, "and charged with aggravated assault, aggravated battery, and theft by tak[ing] and transported to the Chatham County Jail." *Id.* at 20-21. Although the procedural history is not entirely clear, Middleton's prosecution on the charges arising from those events appears ongoing. He alleges that he appeared at a bond hearing on October 25, 2021, *id.* at 24, a preliminary hearing on December 2, 2021, *id.* at 25, and an arraignment on December 16, 2021, *id.* at 26. There is no allegation that those proceedings have terminated and Plaintiff lists his current address as the Chatham County Detention Center. *See* doc. 1 at 1.

Middleton names multiple defendants in this action; the City of Savannah Police Department, the "Savannah Chief of Police," and several Savannah Police officers. *See* doc. 1 at 6-9. Despite specifically identifying those defendants, his allegations are completely general, even where specificity appears possible. Several examples should suffice to illustrate the issue. He alleges "[t]*he defendants* lacked probable cause for arresting," him, *id*. at 13 (emphasis added), he alleges he was "detained *by officer(s)*," *id*. at 20 (emphasis added), he alleges that "[t]*he defendants named* did deprive [him] of his 5th, 8th, and 14th constitutional amendment right [sic]," *id*. at 22 (emphasis added), and "*each officer of the Savannah Police Dept.* willfully created and gave openly under oath false testimony on 10-25-21 and on 12-2-2021," *id*. at 25 (emphasis added). He clearly contends that the events described in the Complaint constituted false arrest and malicious prosecution under Georgia law, *see id*. at 13, perhaps, constitutional claims for false arrest and malicious prosecution, *see id*. at 13-14, and violations of his rights under the Fifth, Eighth, and Fourteenth Amendments, *see, e.g., id*. at 23, 25-26. He seeks damages and injunctive relief. *See id*. at 15-17.

The current Complaint can only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *Id.* at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts). They typically present in four varieties: (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim. *Adams v. Huntsville Hosp.*, 819 Fed. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23).

Middleton's Complaint, as explained above, falls squarely into the fourth category.

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1320). Before doing so, plaintiffs are entitled to a single opportunity to amend their pleadings in order to better present their claims. *See id*. at 1296. Therefore, Middleton is **DIRECTED** to file an Amended Complaint by August 25, 2023. The Amended Complaint must comply with the requirements of Federal Rules of Civil Procedure 8–11.[1] The pleading must specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted. The pleading must also include a statement of the basis for the Court's jurisdiction, a recitation of all material facts, and a prayer for monetary, declaratory, or injunctive relief. The Amended Complaint will supersede the current Complaint

---

[1] A copy of the Federal Rules of Civil Procedure is available on the federal judiciary website at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

and should reassert all claims against all named defendants. *See Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 647 F. 2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading."). The Clerk is **DIRECTED** to send him a blank copy of Form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)). Middleton is advised that failure to submit his amendment timely may result in dismissal for failure to obey a court order or failure to prosecute. *See, e.g.,* Fed. R. Civ. P. 41(b).

Finally, the Court must assess Middleton's filing fee. *See* 28 U.S.C. § 1915(b). HIs Prisoner Trust Account Statement indicates his average monthly deposits and balance was $0.00. Doc. 5 at 1. He, therefore, does not owe an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula). His account custodian shall set aside 20 percent of all future deposits to

the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 11th day of August, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA