# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-126 |
| | ) | |
| UHAUL CORPORATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-206 |
| | ) | |
| CITY OF SAVANNAH POLICE DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| DELANO A. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-339 |
| | ) | |
| MEG HEAP, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

1

DELANO A. MIDDLETON,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )                CV423-356
                                    )
CHATHAM COUNTY, *et al.*,           )
                                    )
            Defendants.             )

DELANO A. MIDDLETON,                )
                                    )
            Plaintiff,              )
                                    )
v.                                  )                CV423-361
                                    )
UHAUL COMPANY, *et al.*,            )
                                    )
            Defendants.             )

## ORDER AND REPORT AND RECOMMENDATION

The Court previously directed *pro se* Plaintiff Delano Middleton to show cause why his cases should not be dismissed for his apparent abandonment of them. *See* CV423-126, doc. 40; CV423-206, doc. 12; CV423-339, doc. 22; CV423-356, doc. 9; CV423-361, doc. 11. The deadline for him to respond to that Order passed without any action from Plaintiff. *See generally* dockets. Two days after the deadline passed, Plaintiff filed a request for a seven-day extension. *See* CV423-126, doc. 41; CV423-206, doc. 13; CV423-339, doc. 23; CV423-356, doc. 10; CV423-361, doc. 12.

2

Since the Motion did not present any explanation for his failure to seek an extension prior to the expiration of the prior Order's deadline, the Court denied it, but directed him, again, to show cause for his persistent failure to respond timely to the Court's orders. *See* CV423-126, doc. 42; CV423-206, doc. 14; CV423-339, doc. 24; CV423-356, doc. 11; CV423-361, doc. 13. His deadline to respond to that Order, and to also submit any untimely response to the prior Order, again passed without any response. *See generally* dockets. Given Plaintiff's failure to prosecute his cases, the undersigned entered a Report and Recommendation ("R&R") that each of his cases be dismissed on September 6, 2024. CV423-126, doc. 43; CV423-206, doc. 15; CV423-339, doc. 26; CV423-356, doc. 13; CV423-361, doc. 14.

Plaintiff then filed two largely identical responses. *See generally*, CV423-126, docs. 44 & 45; CV423-206, docs. 16 & 17; CV423-339, docs. 27 & 28; CV423-356, docs. 14 & 15; CV423-361, docs. 15 & 16. His responses indicate that, upon his exit from jail, Plaintiff was accepted into the Salvation Army Emergency Shelter for Homeless Men, and he attempted to change his address to reflect doing so. However, he apparently did not receive the Court's orders. Plaintiff also explains that he visited the District Court Clerk in person to confirm he was in

3

compliance with Court rules. *See, e.g.*, CV423-126, doc. 45 at 3-7. When Plaintiff's stint at the Salvation Army ended, he obtained a P.O. Box and filed a Notice of Change of Address. *Id.* at 8; *see also* CV423-126, doc. 39; CV423-206, doc. 11; CV423-339, doc. 21; CV423-356, doc. 9; CV423-361, doc. 10. Plaintiff's response generally satisfies his obligation to this Court as to the prior Show Cause Orders, and thus the Court **VACATES** its prior R&R recommending dismissal based upon his failures to respond to court orders. *See* CV423-126, doc. 43; CV423-206, doc. 15; CV423-356, doc. 13; CV423-339, doc. 26; CV423-361, doc. 14. However, the Court recommends his cases be dismissed for other reasons, as explained below.

## I. Plaintiff's Cases Should Be Dismissed

Plaintiff filed four cases in the Southern District of Georgia between May 2023 and December 2023, CV423-126, doc. 1 (S.D. Ga. May 8, 2023); CV423-206, doc. 1 (S.D. Ga. July 24, 2023); CV423-339 (S.D. Ga. Nov. 28, 2023); and CV423-361 (S.D. Ga. Dec. 22, 2023), as well as one in the Superior Court of Chatham County, which was removed by the Defendants to this Court, CV423-356, doc. 1 (S.D. Ga. Dec. 20, 2023). Four of these cases involve the same basic group of facts: an altercation at a Savannah, Georgia U-Haul location, followed by alleged violations of

his constitutional rights during his arrest and prosecution for crimes committed during the altercation. *See* CV423-106, doc. 5; CV423-206, doc. 7; CV423-356, doc. 1-1 at 1-137; CV423-361, doc. 1. The details of those allegations are explained in this Court's screening order in CV423-206, doc. 6. The remaining case, CV423-339, involves a separate incident which also led to an arrest. *See* CV423-339, doc. 1 at 21-37. Plaintiff filed his cases while he was imprisoned, and as to those filed here, he sought leave to proceed *in forma pauperis* ("IFP"). He returned the necessary forms and his request to proceed IFP in those cases was granted. As noted, one of his cases was filed in the Superior Court of Chatham County, CV423-356, and Defendants removed it. Thus, Plaintiff is not proceeding IFP in that case.

The Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, sets forth procedures governing the filing of complaints in federal court by prisoners and other detainees. Though Plaintiff has been released from jail, the Court must still screen his Complaints filed IFP pursuant to the PLRA under 28 U.S.C. § 1915(e). In cases seeking redress from a government entity or its officials, the PLRA requires a preliminary screening in order to "identify cognizable

complaints" and to dismiss, prior to service, any complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001). In doing so, allegations in plaintiff's Complaint are taken as true and construed in the light most favorable to him. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations alone, however, are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Upon screening his Complaints, the Court recommends that Plaintiff's Complaints filed IFP should be dismissed under the PLRA. Though the Court's burden to screen the removed case, CV423-356, is relieved, the Court nevertheless must dismiss it pursuant to its inherent authority to administer its docket.

### A. Plaintiff Failed to Identify a Defendant-Entity in CV423-126

Plaintiff's first case, CV423-126, primarily sought relief from U-Haul Defendants. *See generally*, CV423-126, doc. 1. In that case,

Plaintiff sought to sue "U-Haul Corporation," and after screening his First Amended Complaint, CV423-126, doc. 5, the Court directed the U.S. Marshals to serve Defendant "U-Haul Corporation." *See* CV423-126, doc. 10. However, the Marshal's return of service indicated that there was no individual willing to accept service upon the named defendant at the address Plaintiff provided, 2727 N. Central Ave., Phoenix, AZ, 85004. *See* CV423-126, doc. 12. The return of service further indicated that the Marshals were informed that "U-Haul Corporation is not a legal entity," and acceptance of process was refused. *Id.* Thus, the Return was unexecuted as to "U-Haul Corporation." *See id.* Plaintiff responded to the Marshal's return, in part, by submitting correspondence he received from an attorney who similarly advised him, "U-Haul Corporation is not a corporate entity . . . ." CV423-126, doc. 15 at 2. The attorney further explained that process could not be accepted on behalf of the entity "as it does not exist." *Id.* Consequently, Plaintiff was directed to provide additional information concerning the identity and address of the entity he named as defendant in the case. CV423-126, doc. 14 at 2. Plaintiff was warned that failure to provide information sufficient to permit the

Marshal to serve the Defendant he sought to sue would result in a recommendation of dismissal. *Id.*

Plaintiff then attempted to amend his Complaint and submitted several responses which expressed "incredulity concerning the non-existence of 'U-Haul Corporation.'" CV423-126, doc. 17; *see also* CV423-126, doc. 18 at 4. Plaintiff's Amended Complaint was stricken because he had attempted to incorporate prior pleadings by reference. CV423-126, doc. 18 at 5. Additionally, the Court conducted a search of the public records maintained by the Arizona Corporations Commission and the Georgia Secretary of State to independently confirm that there is no indication that "U-Haul Corporation" exists. CV423-126, doc. 18 at 4. The Court again warned Plaintiff of the importance of identifying the actual entity he sought to sue by instructing him that a suit against "U-Haul Corporation" cannot be effectively served upon another entity, despite any similarities in their names, since "[a] defendant's actual notice [of a suit] is not sufficient to cure defectively executed service." *Id.* (quoting *Albra v. Advan*, Inc., 490 F.3d 826, 829 (11th Cir. 2007)). The

Court gave him "one final opportunity to properly identify a defendant who can be served." *Id.* at 5.

Plaintiff thereafter filed another Amended Complaint, CV423-126, doc. 20, naming "Uhaul Corporation Franchise Head Quarters," as well as individual Defendants. The individual Defendants named in the Amended Complaint were dismissed because the Court could discern no plausible claim against them, CV423-126, docs. 21, but the Court directed the Marshal to serve Plaintiff's Amended Complaint on the newly named "Defendant, Uhaul Corporation Franchise Head Quarters," CV423-126, doc. 22. However, service again failed. Plaintiff then attempted to amend his Complaint a fourth time to add the dismissed parties, but the Court again found that Plaintiff had failed to state any plausible claim against either of the individual defendants. CV423-126, docs. 33 & 37. After service of his Third Amended Complaint, doc. 20, again failed, the Court again reviewed the Arizona Corporations Commission and the Georgia Secretary of State and again independently confirmed that there is no indication that "U-Haul Corporation Franchise Head Quarters"

exists.[1]  Thus, despite being given multiple opportunities to identify an

existing entity, and despite the Court's warnings, the Plaintiff has failed

to identify an existing entity, much less the Defendant-entity he wishes

to sue.

All litigants in this Court, regardless of whether they are

represented by counsel or proceeding *pro se*, are subject to the relevant

laws and rules of the Court, including the Federal Rules of Civil

Procedure.  *See Moon v. Newsome*, 863 F.3d 835, 837 (11th Cir. 1989).

The Court finds that Plaintiff failed to comply with Federal Rule of Civil

Procedure 4(a)(1)(B) when he sought court ordered process on the Arizona

address because, by virtue of his repeated failure to identify the entity he

alleges is responsible for his claim, the summons was not directed at his

---

[1]  The Arizona Corporations Commission's records are searchable at https://ecorp.azcc.gov/EntitySearch/Index.  Searches for "Uhaul Corporation Franchise Head Quarters" and "UHaul Corporation" returned no results.  As Plaintiff has been informed, the Georgia Secretary of State's records are searchable at https://ecorp.sos.ga.gov/businesssearch.  The Court may properly take judicial notice of those records.  *See, e.g.*, *Banks v. McIntosh Cnty.*, 530 F. Supp. 3d 1335, 1346 n. 7 (S.D. Ga. 2021) ("Courts routinely take judicial notice of factual information found on official governmental agency websites.").  Plaintiff could, perhaps, correct his error by properly identifying a Defendant constituting an actual entity which may be sued in a complaint that satisfies Federal Rule of Civil Procedure 8.  However, given he was already given multiple opportunities to identify an entity, paired with the insufficiencies of his current series of complaints, which could not be corrected by merely identifying a proper entity, the better course of action is to dismiss Plaintiff's complaints without prejudice.

intended Defendant, whomever that may be.  Moreover, the Court has afforded him multiple opportunities to identify a proper entity and even referenced public records where such information is found.  His second attempt to identify a defendant indicates that he has not exercised any diligence whatsoever to identify the entity he seeks to sue, but has merely made a guess using an adjacent, though equally invalid identifier. Therefore, Plaintiff's Complaint in CV423-126 should be **DISMISSED** without prejudice.  As instructed above, the Court **VACATES** its prior R&R in this case, doc. 43.

### B. *The Amended Complaint in CV423-206 Failed to Correct Deficiencies*

Plaintiff's second case, CV423-206, asserts general claims against the City of Savannah Police Department, the "Savannah Chief of Police," and other individual police officers for alleged unlawful acts surrounding his arrest.  *See* CV423-206, doc. 6 at 4 (listing examples of general allegations.)  The Court previously noted that this Complaint could "only be characterized as what is "often disparagingly referred to as [a] 'shotgun pleading.'"  *Id.* at 5 (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015)).  The Court also described the problems with shotgun complaints, such as the lack of

clarity given by the pleadings which results in defendants being unable to properly respond to the claims asserted against them. *Id.* The Court directed Plaintiff to file an Amended Complaint correcting the deficiencies it described. Plaintiff was instructed to "specifically identify each claim asserted, the facts supporting each specific claim, and the defendants against whom those particular claims are asserted." *Id.* at 6.

Plaintiff timely filed his Amended Complaint, but he failed to correct the deficiencies noted by the Court. *See* CV423-206, doc. 7. His Amended Complaint is equally "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" he still fails to "separate into a different count each cause of action or claim for relief;" and he "asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim." CV423-206, doc. 6. Plaintiff again generally alleges that "[t]he Defendants," which he identifies in a parenthetical as "Savannah Police," arrested him without probable cause. CV423-206, doc. 7 at 15. He claims that "'Defendants ignored the fact that Uhaul employees attacked the Plaintiff premeditatedly physically and with the threat of weapons." *Id.* at 17. He lists the names of 12 officers and claims

that the individuals on the list "investigated, questioned, interviewed, and viewed video surveillance, had the opportunity to correct the arresting of the persons whom actually committed the aggravated assault and aggravated battery against the plaintiff and the customer of Uhaul." *Id.* Even if such allegations satisfied Rule 8's obligation to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," his allegations are so vague they do not even assert unlawful behavior on their face. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018); citing Fed. R. Civ. P. 8(a)(2). Because the Amended Complaint does not correct the deficiencies noted by this Court previously, the Amended Complaint in CV423-206 should be **DISMISSED without prejudice**.[2] *Taylor v. Spaziano*, 251 F. App'x

---

[2] Where a plaintiff fails to make meaningful modifications to his complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket. *Weiland*, 792 F.3d at 1321 (*citing Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005*)*. The Court dismisses this case under the Court's inherent authority to manage its docket. However, "a dismissal with prejudice, whether on motion or *sua sponte,* is an extreme sanction that may be properly imposed only when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " *Id.* at 1337-38 (emphasis omitted) (quoting *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.,* 41 F.3d 1454, 1456 (11th Cir.1995)). The Court finds no evidence of willful contempt and thus should dismiss Plaintiff's case without prejudice.

616, 620-21 (11th Cir. 2007) (*per curiam*); *Goodison v. Washington Mut. Bank*, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*) *see also Ramos v. Katzman Chandler PA*, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and ... citations to laws and statutes whose application were unclear"). As instructed above, the Court **VACATES** its prior R&R in this case, CV423-206, doc. 15.

   *C. CV423-356 is Duplicative.*

   Plaintiff next filed CV423-339, but the facts of that case are slightly different. Therefore, the Court will next address CV423-356 instead, given its similarities with the previously discussed case, CV423-206. In fact, Plaintiff alleges virtually verbatim claims in the two cases, although he alleges them against different or additional individuals. *See, e.g.*, CV423-356, doc. 1-1 at 64 ("Christopher Patterson had gotten away while Erica Young was still aggressing . . . ."); CV423-206, doc. 7 at 19 ("Christopher Patterson had gotten away while Erica Young was still

aggressing"); *see also* CV423-356, doc. 1-1 at 71 ("The named Savannah Police Dept. Officers and Dectives [sic] had time to review video surveillence [sic]. . .."); CV423-206, doc. 7 at 22 ("The named Savannah Police Dept. Officers Defendants . . . . had time to review surveillence [sic]"); *but see* CV423-356, doc. 1-1 at 68 ("The State of Georgia negligently allowed the District Attorney Shalena Cook Jones to create and issue . . . ."); CV423-206, doc. 7 at 24 ("The City of Savannah Police Dept. and the Chief of Police negligently allowed the Officers-Detectives to take unprofessional . . . ."). The Complaint in CV423-356, which was originally filed in the Superior Court of Chatham County, suffers from the same deficiencies present in the Complaint in CV423-206: it is a shotgun complaint. However, the Complaint in CV423-356 faces an additional problem in that, despite subtle differences, it is duplicative of the Complaint in CV423-206, and thus it must be dismissed.

Although CV423-356 was removed and therefore Plaintiff has not been granted IFP status here, "[a]s part of its general power to administer its docket, a court may stay or dismiss claims that are duplicative of ones already pending in federal court." *Smith v. GDC Med. Contractors*, 2018 WL 11222150, at *2 (M.D. Ga. June 7, 2018) (citations

omitted).   Thus, while Plaintiff may not be explicitly covered by the PLRA, as a person filing IFP, the PLRA's definition of a malicious filing is, at the very least, instructive regarding the type of claims the Court has the authority to prune from its docket.  *See, e.g.*, *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000) ("a district court may . . . dismiss a suit that is duplicative"); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986).   Under that section, "a claim may be considered malicious for purposes of 28 U.S.C. § 1915(e) and/or § 1915A if it duplicates a claim in another lawsuit filed by the plaintiff."  *Hunter v. Jackson*, 2024 WL 5668812, at *4 (M.D. Ga. Aug. 2, 2024) (citations omitted), *adopted by* 2024 WL 5668811 (M.D. Ga. Oct. 2, 2024); *see also Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021) ((affirming district court's dismissal of fees-paid prisoner litigant's duplicative case, *Daker v. Dozier*, 2017 WL 3037420, at *5 (M.D. Ga. July 18, 2017)).

As noted, Plaintiff's claims are duplicative except that he also includes some claim against the "State of Georgia" and against the District Attorney.  As to those additional claims, he asserts the "State of Georgia" is liable for allowing the District Attorney to "create and issue a false bill of indictment."   CV423-356, doc. 1-1 at 68.  The "State of

Georgia" is not a person acting under color of state law for purposes of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (concluding that a state is not a person under § 1983). As well, the Eleventh Circuit has confirmed that a Georgia district attorney is a state official, at least when "exercising his discretion in prosecutorial decisions." *Owens v. Fulton County,* 877 F.2d 947, 951 (11th Cir. 1989). Thus, because it appears Plaintiff seeks to hold the DA liable in her official capacities for acts within the realm of her prosecutorial discretion, she is considered a state official cloaked in Eleventh Amendment Immunity. *See Abiff v. Slaton,* 806 F. Supp. 993 (N.D. Ga. 1992), *aff'd,* 3 F.3d 443 (11th Cir. 1993) (holding that district attorney and assistant district attorney enjoyed official capacity Eleventh Amendment immunity from Section 1983 claim without examining conduct for which they faced suit.)

Given the two Complaints are virtually the same except for allegations against immune defendants, and because both constitute shotgun pleadings which Plaintiff has failed to correct after being warned in his previously filed case, his Complaint in CV423-356 should be **DISMISSED** without prejudice, without giving Plaintiff an opportunity

to amend it, as amendment would be futile. CV423-356, doc. 1-1. As instructed above, the Court **VACATES** its prior R&R in this case, doc. 13.

### D. CV423-361 is Malicious and Frivolous

Plaintiff's next case asserting facts regarding the Uhaul incident, CV423-361, similarly asserts claims against police officers and "Uhaul Corporation," but it, as in CV423-356, also asserts claims against the District Attorney and Assistant District Attorney, Shalena Cook Jones and Sean O'Brien, as well as his public defenders, Amber Robinson and Katherine Kelly. *See* CV423-361, doc. 1 at 7-8; *see also id.* at 15-16. Plaintiff admits the overlap between this case and CV423-206, but he says that after he viewed video surveillance of the altercation at Uhaul, he saw that things were "even more disturbing [sic] corrupt" than he originally realized so the action is against the "co-conspirators." *Id.* at 43. Unlike CV423-356, in this case (CV423-361), Plaintiff is subject to the PLRA as he is proceeding IFP, and thus his Complaint must be screened by the Court. As before, "a claim may be considered malicious for purposes of 28 U.S.C. § 1915(e) and/or § 1915A if it duplicates a claim

in another lawsuit filed by the plaintiff." *Hunter*, 2024 WL 5668812, at *4 (citations omitted).

Plaintiff's claims against the DA and the ADA are unclear. He mentions that he sent motions to dismiss his charges to Defendant Cook-Jones, *id.* at 27, and claims some kind of tampering with evidence claim, *id.* at 23 which is perhaps directed at the ADA. He claims, despite his continued confinement in jail, "A.D.A. Sean O'Brien made it openly known that he agreed in court" that there were no charges hindering Plaintiff's release from jail on December 11, 2023, *id.* at 41. As in CV423-356, Plaintiff's allegations against immune defendants are frivolous and amendment would be futile. Thus, his claim against the DA and the ADA should be dismissed. *See Abiff,* 806 F. Supp. 993.

As well, public defenders, although employed by the government, are not typically viewed as acting under color of state law. *See Tower v. Glover,* 467 U.S. 914, 920 (1984). However, a public defender may be liable under § 1983 if he or she conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law. *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citing *Wahl v. McIver,* 773 F.2d 1169, 1172–73 (11th Cir. 1985). Thus,

Plaintiff's claims against his public defender are not subject to suit under § 1983 unless they assert some conspiracy—which he arguably does attempt to do. But Plaintiff's allegations against his public defender for conspiracy-based claims are fleeting and conclusory. They are so vague the Court can hardly determine the claim at all. From what the Court can glean, Plaintiff appears to allege that his public defender, Kelly, pressured him into taking a plea deal and that Robinson improperly brought Kelly onto the case but was otherwise inattentive. *See, e.g.,* CV423-361, doc. 1 at 36-37. These facts are not sufficient to state any claim for conspiracy, despite Plaintiff's attempt to allege "conspiracy" in name. *Id.* at 43. Thus, Plaintiff's public defenders are not subject to suit under § 1983. Any other allegation against his public defenders, such as for "coercion," *see* CV423-361, doc. 1 at 40, could never state a claim, given he seeks to blame his time in jail on his public defenders without stating any facts linking his incarceration with their actions. *See id.*

Aside from the allegations against those who are immune from the allegations in the Complaint or are otherwise not subject to suit under § 1983, Plaintiff's Complaint is yet again duplicative of both CV423-206 and CV423-356. Like those other Complaints, the Complaint in CV423-

361 is also a "shotgun" pleading, and it asserts claims that fail to meet the requirements of Rule 8. Even if the Court parsed his general claims to extract those which state some clear claim against specific non-immune defendants, those claims would never survive a 12(b)(6) analysis, which would be required under the PLRA's mandate to screen complaints filed by those proceeding IFP. As to nonimmune Defendants, he merely asserts, as he did before, frustration at his arrest and prosecution for the altercation at a Uhaul location and his innocence of the assault by or against individuals who either work there or were merely present. *See generally*, CV423-361, doc. 1. In any event, since his claims in this case are virtually identical to the claims asserted in his prior cases, amendment would not cure any deficiency, as it would still be duplicative and still malicious under the PLRA. *Corsello v. Lincare, Inc.,* 428 F.3d 1008, 1014 (11th Cir. 2005) (holding that a court need not give an opportunity to amend "where amendment would be futile.") Therefore, this case should be **DISMISSED** as malicious under the

PLRA.  As instructed above, the Court **VACATES** its prior R&R in this case, doc. 14.

### E. CV423-339 is Time Barred

Plaintiff's next case also pursues relief under § 1983, but the facts arise from a different incident.  CV423-339, doc. 1.  Plaintiff filed this case on November 28, 2023 regarding an October 28, 2019 arrest occurring at the Savannah International Airport.  *Id.* at 21.  Because he pursues relief IFP, his Complaint must be screened before it may be served pursuant to the PLRA.  28 U.S.C. § 1915(e)(2).  Plaintiff's Complaint claims he was hired to do construction debris removal for the Savannah International Airport.  CV423-339, doc. 1 at 21-23.  He was working on a construction site when he was unlawfully arrested on trumped up charges.  *Id.*  Plaintiff alleges he was then wrongfully detained in jail for six months.  *Id.* at 24.  He brings claims of malicious prosecution, false arrest, negligence (both gross and wanton), illegal

surveillance, and unconstitutional conditions of confinement.   *See generally, id.*

Plaintiff's CV423-339 case should be dismissed because it is facially apparent that his claims are time barred.[3]  "Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003).  "Federal law determines when the statute of limitations begins to run." *Id.*  The period begins to run "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons and Paroles,* 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis,* 85 F.3d 556, 561–62 (11th Cir. 1996)). The statute of limitations began to run on Plaintiff's claims on October

---

[3] A claim of malicious prosecution accrues when the prosecution against the plaintiff terminates in his favor. *See Whiting v. Traylor*, 85 F.3d 581, 585–86 (11th Cir. 1996), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007).  Thus, theoretically, Plaintiff's malicious prosecution claim could, under the right circumstances, be timely.  However, though his allegations are very unclear, Plaintiff's criminal prosecution appears to not have terminated in his favor, and thus his claim would fail regardless of the statute of limitations. *See* CV423-339, doc. 1 at 24 (explaining that Plaintiff was incarcerated for six months.)  Plaintiff may overcome this assumption in his Objection.

28, 2019, and he filed his case four years later. Thus, his claim is time barred.

"To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (quoting *Leal,* 254 F.3d at 1280). It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify "why the statute of limitations might be tolled in his case." *Id.* Georgia's tolling doctrines are set forth at Article five of Chapter three of Title nine of the Georgia code. *See* O.C.G.A. § 9–3–90 through 99. Though Plaintiff offers a definition of tolling, *see* CV423-339, doc. 1 at 36, he does not provide any argument as to whether or how Georgia's tolling doctrines should apply to him. Moreover, Plaintiff's recent history and, consequentially, his ableness, has been documented through the filing of his cases and the Court foresees no set of facts which would allow him to avoid the statute of limitations bar. Of course, Plaintiff is free to file his Objection indicating any argument in support of tolling he wishes to make. Barring some extraordinary explanation, Plaintiff's Complaint in

CV423-339 should be Dismissed.   As in his other cases, the Court **VACATES** its prior R&R recommending dismissal based on Plaintiff's failure to prosecute, doc. 26.

## II. Conclusion

Accordingly, Plaintiff's complaints should be **DISMISSED**.   The undersigned's R&R recommending dismissal based on Plaintiff's failure to prosecute is **VACATED**.   CV423-126, doc. 43; CV423-206, doc. 15; CV423-339, doc. 26; CV423-356, doc. 13; CV423-361, doc. 14.   This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.   The district judge will review the magistrate judge's findings and

recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 14th day of July, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA